UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD HICKS,                                      Case No.  15-12329

        Plaintiff,                              Stephen J. Murphy, III
v.                                                 United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                   Stephanie Dawkins Davis
                                                  United States Magistrate Judge
        Defendant.
_____/

**REPORT AND RECOMMENDATION ON
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkts. 16, 19)**

**I.      PROCEDURAL HISTORY**

      A.      Proceedings in this Court

On June 29, 2015, plaintiff Harold Hicks, filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Stephen J. Murphy, III referred this matter to Magistrate Judge Michael Hluchaniuk for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability and disability insurance benefits.  (Dkt. 3).  On January 5, 2016, the case was subsequently reassigned to the undersigned pursuant to Administrative Order.  (*See* Text-Only Order, dated 1/5/16).  This matter is before the Court on cross-motions for summary judgment.  (Dkt. 16, 19).

B.      Administrative Proceedings

Plaintiff filed the instant claim for disability and disability insurance benefits on September 25, 2012.[1] (Dkt. 14-5, Pg ID 238-244). The same day, plaintiff filed a claim for social security income benefits. (*Id*. at 245-250). In both applications, plaintiff alleged disability beginning August 27, 2011. The claims were initially disapproved by the state agency responsible for making disability determinations on behalf of the Commissioner on January 31, 2013. (Dkt. 14-4, Pg ID 175-183). Plaintiff requested a hearing and on March 25, 2014, plaintiff appeared before Administrative Law Judge ("ALJ") Ramona L. Fernandez, who considered the case de novo. (Dkt. 14-2, Pg ID 79-114). Although informed of the right to representation, plaintiff chose to appear and testify without the assistance of an attorney or other representative. (*Id*. at 83).

In a decision dated April 23, 2014, the ALJ found that plaintiff was not disabled. (Dkt. 14-2, Pg ID 63-74). Plaintiff requested a review of that decision, and the ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[2], the Appeals Council on June 2, 2015, denied

---

[1] Plaintiff filed a prior claim for disability and disability insurance benefits together with social security income benefits on May 6, 2010, alleging a disability beginning August 15, 2008. (Dkt. 14-3, Pg ID 131). Eventually, in a decision dated August 26, 2011, ALJ Anthony R. Smereka determined that plaintiff had not been under a disability from August 15, 2008, through the date of his decision. (Dkt. 14-3, Pg ID 137).

[2] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the

plaintiff's request for review. (Dkt. 14-2, Pg ID 45-50); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

II. FACTUAL BACKGROUND

A. ALJ Findings

Plaintiff was born on October 5, 1958, making him 52 years old on his alleged onset date. Plaintiff has the equivalent of a high school education (he has a GED). Plaintiff has previously worked as a press operator and production laborer. Both of these jobs are classified as unskilled.

The ALJ applied the five-step disability analysis to plaintiff's claims and found at step one that plaintiff had not engaged in substantial gainful activity since August 27, 2011, the alleged onset date. (Dkt. 14-2, Pg ID 65). At step two, the ALJ found that plaintiff has the following severe impairments: alcohol and drug

---

administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

3

abuse in partial or recent remission per history and alcohol related seizure disorder. (*Id*. at 66). The ALJ then concluded that claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id*.) As such, the ALJ found that the claimant had the residual functional capacity ("RFC") to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to unskilled work with simple instructions. He should be subject to no more than routine changes. The claimant cannot climb ladders, ropes, or scaffolds. He cannot engage in commercial driving. The claimant must avoid concentrated exposure to hazards including moving machinery and work at unprotected heights.

(*Id*. at 68). The ALJ next determined that claimant was capable of performing his past relevant work as a press operator and production laborer. (*Id*. at 73). The ALJ reasoned that plaintiff's past work did not require the performance of work-related activities that were precluded by the claimant's RFC. (*Id*.) As such, the ALJ concluded that plaintiff has not been under a disability from August 27, 2011, through the date of his decision. (*Id*. at 74).

    B.    <u>Plaintiff's Motion for Summary Judgment</u>

Plaintiff, acting without counsel, filed a one-page, handwritten motion for summary judgment, indicating that he is suffering from health problems including "hands locking" and "stiff[en]ing", together with arthritis in his hands and knees.

4

(Dkt. 16). Plaintiff also alleges that he has been denied benefits because he believes that his physicians have given false information and/or documents when responding to claim inquiries on his behalf. (*Id.*)

C. The Commissioner's Motion for Summary Judgment

The Commissioner indicates that plaintiff's motion does not challenge any of the ALJ's specific legal or factual findings; therefore, the Commissioner identifies the issue as being whether the ALJ's final decision is supported by substantial evidence. In its motion, the Commissioner argues that substantial evidence supports the ALJ's decision at each step of the sequential evaluation.[3] For this reason, the Commissioner respectfully asks this Court to enter judgment affirming the ALJ's final decision.

### III. DISCUSSION

A. Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal

---

[3] The ALJ concluded that plaintiff satisfied his burden at step one of the sequential evaluation; therefore, the Commissioner presumes that plaintiff does not challenge this finding. Moreover, the ALJ did not make a step five finding because she found that plaintiff was not disabled at step four. As such, the Commissioner's brief only addresses steps two through four of the sequential evaluation.

5

standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96–7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc ). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486

6

F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

B.  <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

7

which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

8

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

    C.   <u>Legal Analysis</u>

Because plaintiff did not make any specific factual or legal objections to the ALJ's conclusions, and because plaintiff is proceeding *pro se*, the undersigned focuses on whether the ALJ's conclusions are supported by substantial evidence.

At step one, the ALJ determined that plaintiff had met the insured requirements of the Social Security Act though December 31, 2012. (Dkt. 14-2, Pg ID 65). As the Commissioner points out, the ALJ ruled in favor of plaintiff at step one, and neither party contests this finding, therefore the court has no reason to believe that plaintiff did not satisfy this requirement.

At step two, the ALJ determined that claimant has the following severe impairments: alcohol and drug abuse in partial or recent remission per history and alcohol related seizure disorder. (Dkt. 14-2, Pg ID 66). At the same time, the ALJ ruled out that plaintiff's depressive disorder, cognitive disorder, and left wrist tendonitis were severe in nature.[4] (*Id.*) At step two of the sequential evaluation process, the ALJ must consider whether a claimant has a severe impairment and whether the impairment(s) meet the twelve month durational requirement in 20 C.F.R. § 404.1509. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Simpson v. Comm'r of Soc. Sec.*, 344 Fed. Appx. 181, 188 (6th Cir. 2009) ("At

---

[4] Plaintiff made additional allegations at the administrative level that he also suffers from back and "left finger" pain; however, the undersigned has reviewed the record and agrees with the Commissioner that there is nothing in the record to support a finding that these are medically determinable impairments.

10

step two, if a claimant does not have a severe medically determinable physical or mental impairment ... that meets the durational requirement in § 404.1509 ..., or a combination of impairments that is severe and meets the durational requirement, then [she] is not disabled."). "To surmount the step two hurdle, the applicant bears the ultimate burden of establishing that the administrative record contains objective medical evidence suggesting that the applicant was "disabled" as defined by the Act...." *Despins v. Comm'r of Soc. Sec.*, 257 Fed. Appx. 923, 929 (6th Cir. 2007); 20 C.F.R. 404.1513(c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is ... [and] how your impairment(s) affects your functioning during the time you say that you are disabled.") A "severe" impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities are defined in the regulations as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). Examples include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in routine work settings. *See id.*

11

Regarding plaintiff's mental health issues, the ALJ observed that plaintiff never sought any mental health treatment. (Dkt. 14-2, Pg ID 66). Further, in December 2012, plaintiff underwent a consultative psychiatric examination which indicated that plaintiff had no more than a mild impairment relating to others; mild impairment maintaining concentration, persistence, or pace; mild impairment in his ability to withstand stress; and moderate impairment in his ability to carry out tasks. (Dkt. 14-7, Pg ID 455-460). The consultative examiner, Dr. Hugh Bray, noted that plaintiff could perform simple, repetitive tasks and likely even more complex tasks, notwithstanding his moderate difficulty performing multiple-step tasks. (*Id*. at Pg ID 460). The ALJ also noted that state agency psychiatrist, Dr. David A. Harley, similarly opined that plaintiff would have no more than moderate difficulty in his ability to maintain concentration, persistence, or pace, and that plaintiff was not significantly limited in his ability to complete a normal workday and workweek. (Dkt. 14-3, Pg ID 164-165). The undersigned notes that plaintiff makes no specific arguments regarding the ALJ's step two findings. And, as pointed out by the Commissioner, even if the ALJ did err in concluding that plaintiff's psychological impairments were non-severe, any error in this regard is harmless because the ALJ later considered and included reasonable mental limitations in her RFC assessment. (Dkt. 14-2, Pg ID 68) (limiting plaintiff to unskilled work with simple instructions, subject to no more than routine changes).

12

The ALJ also determined that the plaintiff did not meet his burden of proving that his left wrist tendonitis was a severe impairment. (Dkt. 14-2, Pg ID 66). As noted by the ALJ, plaintiff only sought treatment for left wrist pain on two occasions, first in January 2011 more than eight months prior to his alleged onset date, when x-rays were negative for any fractures and plaintiff was able to fully flex and extend his wrist with only mild tenderness. Plaintiff's next doctor's visit was on April 25, 2011, approximately four months prior to his onset date. (*Id.*) At that time, plaintiff's range of motion in all joints was noted to be intact and, again, he showed only mild tenderness. Plaintiff's only testimony to support any alleged disability was that he sought treatment for "arthritis in [his] wrist," however, the ALJ noted that the record did not reflect any treatment for pain during the alleged period of disability, including plaintiff's recent history of physical labor involving significant hand usage and lifting. (Dkt. 14-2, Pg ID 66). Again, plaintiff does not specifically dispute the ALJ's findings regarding these step two conclusions and the undersigned concludes that these findings are supported by substantial evidence.

The first step at which the ALJ's findings diverge from the path leading to a finding of disability in plaintiff's case is at step three, where the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or equaled one of the listings in the regulations as no acceptable medical source

13

has mentioned findings equivalent in severity to any listed impairment in Part 404. (Dkt. 14-2, Pg ID 66).  Under the theory of presumptive disability, a claimant is eligible for benefits if he has an impairment that meets or medically equals a Listed Impairment.  *See Christephore v. Comm'r of Soc. Sec.*, 2012 WL 2274328, at *6 (E.D. Mich. June 18, 2012).  When considering presumptive disability at step three, "an ALJ must analyze the claimant's impairments in relation to the Listed Impairments and must give a reasoned explanation of his findings and conclusions in order to facilitate meaningful review." *Id*. (citing *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 416 (6th Cir. 2011)).  An ALJ's failure to sufficiently articulate his step three findings is error.  *See M.G. v. Comm'r of Soc. Sec.*, 861 F. Supp.2d 846, 858-59 (E.D. Mich. 2012).  "For a claimant to show that his impairment matches a listing, it must meet *all* of the specific medical criteria." *Sullivan v. Zebely*, 493 U.S. 521, 530 (1990) (emphasis in original).

     Here, the ALJ concluded that there was no evidence that plaintiff met or equaled Listings 11.02 or 11.03.  With respect to listing 11.02, the ALJ opined that the medical record did not show that plaintiff experienced grand mal seizures that occurred more than one time per month despite three months of prescribed treatment.  (Dkt. 14-2, Pg ID 67).  Regarding Listing 11.03, the ALJ reasoned that the record did not contain a detailed description of a typical seizure pattern including all associated phenomena, occurring more frequently than one time per

week in spite of at least three months of prescribed treatment, with alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day. (*Id.*)

The ALJ also determined that plaintiff's mental impairments did not meet or medically equal the criteria of Listings 12.02 or 12.04, as evaluated under 12.09. In making these determinations, the ALJ considered whether the "paragraph B" criteria were satisfied. In activities of daily living, the ALJ determined that plaintiff had mild restrictions. (Dkt. 14-2, Pg ID 67). In support of her decision, the ALJ noted that plaintiff "lives alone and handles his own housekeeping, cooking, shopping, laundry, finances (Exhibit 6F)." (*Id.*) The ALJ also relied on the fact that until mid-2013, he was helping to care for his elderly mother. (*Id.*) With regard to social functioning, the ALJ determined that plaintiff has mild difficulties. (*Id.*) The ALJ noted that plaintiff reported to the consultative examiner that he gets along with family and coworkers, but has some "friction" with friends. (*Id.*) Plaintiff additionally stated in a function report that he does not get along with others because they do not understand him. (*Id.*) With respect to concentration, persistence, or pace, the ALJ concluded that plaintiff has "moderate" difficulties. (*Id.*) The consultative examiner additionally noted in December 2012 that plaintiff's concentration, attention, persistence, and effort at

the exam were average. Plaintiff stated in his function report that he follows spoken instructions well, but not written instructions. Plaintiff's internist further noted in July 2012 that plaintiff had memory problems. (*Id.*) The ALJ concluded that because plaintiff's mental impairment did not cause at least two "marked" limitations, or one "marked" limitation and "repeated" episodes of decompensation, each of extended duration, the paragraph "B" criteria were not satisfied. (*Id.*)

The ALJ also considered whether the "paragraph C" criteria of 12.02 or 12.04 were satisfied. (Dkt. 14-2, Pg ID 67-68). On this point, the ALJ concluded:

> The medical evidence does not provide a documented history of a chronic organic mental disorder or chronic affective disorder of at least two years' duration that has caused more than a minimal limitations of ability to do basic work activities, or any medical evidence of episodes of decomposition, a residual disease process that would cause the claimant to decompensate, or a one-year history of inability to function outside a highly supportive living arrangement.

(*Id.*, Pg ID 68).

Again, the undersigned notes that plaintiff does not specifically challenge any of the ALJ's step three findings or conclusions. After a review of the ALJ's findings against the record, the undersigned concludes that the ALJ's step three conclusions are supported by substantial evidence.

Next, the undersigned concludes that the RFC finding is also supported by

16

substantial evidence. The ALJ determined that plaintiff has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: "plaintiff is limited to unskilled work with simple instructions. He should be subject to no more than routine changes. The claimant cannot climb ladders, ropes, or scaffolds. He cannot engage in commercial driving. The claimant must avoid concentrated exposure to hazards including moving machinery and work at unprotected heights." (Dkt. 14-2, Pg ID 68).

ALJ Fernandez noted her obligation under *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), Acquiescence Ruling 98-4(6), that an ALJ must adopt a finding of a claimant's RFC or other finding required under the applicable sequential evaluation process for determining disability, made in the final decision by an ALJ or Appeals Council on a prior disability claim, unless new and additional evidence or changed circumstances provide a basis for a different finding. Acknowledging this obligation, ALJ Fernandez determined that that substantial evidence supported additional non-exertional limitations. (Dkt. 14-2, Pg ID 68).

In making her RFC conclusions, ALJ Fernandez made detailed findings, noting that she considered all objective medical evidence, including medical opinions (both psychological and physical), plaintiff's history of alcohol and drug use, prescription drug use, a third-party statement from plaintiff's brother, together

17

with plaintiff's testimony. In sum, the ALJ determined that the record did not provide evidence of any impairment or combination of impairments that rendered plaintiff unable to work. (Dkt. 14-2, Pg ID 73). Plaintiff makes no specific challenge to the RFC findings, and the undersigned finds no errors regarding the weighing of the opinion evidence and finds that substantial evidence supports the RFC.

With respect to the step four findings, the ALJ concluded that plaintiff is capable of performing his past relevant work as a press operator and production laborer. (Dkt. 14-2, Pg ID 73). The ALJ, relying on the vocational expert's testimony, determined that both jobs could be performed within the limitations of the RFC. (*Id.*) Although the ALJ noted that this work was not performed during the period of disability alleged in this case, it was performed during the past fifteen years and is considered past relevant work. Plaintiff does not challenge the vocational expert's testimony. Because the undersigned has already determined that the RFC is supported by substantial evidence, the court finds no error in the ALJ's step four analysis.

## IV. RECOMMENDATIONS

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be

**AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: August 15, 2016                           s/Stephanie Dawkins Davis
                                                       Stephanie Dawkins Davis
                                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on August 15, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Harold Hicks, 1632 Heatherwood, Apt. 204, Inkster, MI 48141.

                                                        s/Tammy Hallwood
                                                        Case Manager
                                                        (810) 341-7887
                                                        tammy_hallwood@mied.uscourts.gov